FILED
2009 MAR 20  PM 4:33

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEVIN MCCULLAR, <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.: |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, DR. JOHN M. FOLKS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT, BRYAN DAUSIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS HEAD FOOTBALL COACH AND ATHLETIC DIRECTOR OF WARREN HIGH SCHOOL BRADLEY MILLS, INDIVIDUALLY AND IN HIS OFFICIALLY CAPACITY AS CAPTAIN OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, DAN PIECHOWIAK, INDIVIDUALLY AND IN HIS OFFICIALCAPACITY AS DETECTIVE OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, KATIE N. REED, M'LISSA M. CHUMBLEY, KAREN FREEMAN, GEORGE LYNN BRITTON, JR., ANNIE L. HOLMES, ROBERT BLOUNT, JR. AND RANDALL H. FIELDS INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT <br> Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § | SA09CA0216 FB |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES KEVIN MCCULLAR** hereinafter referred to as Plaintiff, complaining of **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**, (hereinafter referred to as either "NISD" or "the District"), DR. JOHN M. FOLKS, INDIVIDUALLY AND IN HIS OFFICIAL

1

CAPACITY AS SUPERINTENDENT OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT, BRYAN DAUSIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS HEAD FOOTBALL COACH AND ATHLETIC DIRECTOR OF WARREN HIGH SCHOOL, BRADLEY MILLS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CAPTAIN OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, DAN PIECHOWIAK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DETECTIVE OF NORTHISIDE INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, KATIE N. REED, M'LISSA M. CHUMBLEY, KAREN FREEMAN, GEORGE LYNN BRITTON, JR., ANNIE L. HOLMES, ROBERT BLOUNT, JR. AND RANDALL H. FIELDS INDIVIUDALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Defendants, and for cause of action would respectfully show unto this Honorable Court as follows:

## I.
## PARTIES

A.   <u>Plaintiff</u>

   1.   Plaintiff, Kevin McCullar is a former employee of Northside Independent School District, and is currently a resident of San Antonio, Bexar County, Texas.

B.   <u>Defendants</u>

   2.   Defendant, **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**, is a political subdivision of the State of Texas and may be served with process by serving its Superintendent, John M. Folks, at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

3. Defendant, Dr. John M. Folks, is the Superintendent of NISD and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

4. Defendant, BRYAN DAUSIN, is the current Head Football Coach and Athletic Director at Warren High School, NISD, and may be served at Warren High School, 9411 W. Military Drive, San Antonio, Texas, 78251.

5. Defendant, BRADLEY MILLS, is the current Captain of the NISD Police Department, and may be served at the NISD Police Department, 5900 Grissom Road, San Antonio, Texas, 78238.

6. Defendant, DAN PIECHOWIAK, is a Detective with the NISD Police Department and, may be served the NISD Police Department, 5900 Grissom Road, San Antonio, Texas, 78238.

7. Defendant, KATIE N. REED is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

8. Defendant, M'LISSA M. CHUMBLEY is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

9. Defendant, KAREN FREEMAN is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

10. Defendant, GEORGE LYNN BRITTON, JR., is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

11. Defendant, ANNIE L. HOLMES is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

12. Defendant, ROBERT BLOUNT, JR., is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

13. Defendant, RANDALL H. FIELDS is a current member of the NISD Board of Trustees and may be served at the Administrative Offices of Northside Independent School District, 5900 Evers Road, San Antonio, Texas, 78238.

## II.
## JURISDICTION AND VENUE

14. This is a civil rights action for monetary damages and attorney's fees. It is brought to redress the deprivation under color of State law of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States and the State of Texas. This action arises under the Fourteenth Amendment to the Constitution of the United States and under 42 U.S.C. §1983, as well as, Title VII of the Civil Rights Act of 1964, as amended in 1991, with jurisdiction authorized and conferred on the Court by 28 U.S.C. §§1331 and 1343.

15. Jurisdiction is proper in this venue pursuant to Rule 57 of the Federal rules of Civil Procedure and because the acts complained of occurred in this District.

## III.
## FACTUAL BACKGROUND

16. Plaintiff, Kevin McCullar (hereinafter "McCullar"), was hired by Northside Independent School District (hereinafter "NISD"), as a coach and teacher in May 2005. Plaintiff had not received any negative employee evaluations or reprimands during his employment with Defendant.

17. On or about May 9, 2007, Plaintiff signed a new contract with Defendant for the 2007-2008 school year. Plaintiff would continue to be the ISS Teacher, Physical Education Teacher and Linebacker Coach for Warren High School. On or about May 23, 2007, an incident occurred with a student, which led to criminal charges being filed against Plaintiff. Specifically, Plaintiff was accused of assaulting a student. That evening, Plaintiff spoke with Bryan Dausin, the Head Football and Athletic Director at Warren High School, who advised Plaintiff to write a statement. Plaintiff wrote the statement and put it on Mr. Dausin's desk on May 24, 2007. On or about May 24, 2007, Plaintiff was advised by the Vice Principal at Warren High School, Bill Wroten, that he was being placed on administrative leave. Plaintiff was then asked to file a report regarding the alleged assault.

18. On or about May 28, 2007, Plaintiff and his wife met with the Human Resources Administrator, Grantley Boxill. During that meeting, Plaintiff requested to see the video surveillance regarding the incident and Mr. Boxill advised him that the video was being reviewed internally. Plaintiff also requested legal representation through NISD. Mr. Boxill advised Plaintiff that he would have to check to see if legal representation was available and he would let Plaintiff know. Mr. Boxill advised Plaintiff that he would have some issues with this case and within NISD because he was "big and black." After meeting with Mr. Boxill, Plaintiff

5

went to go see the Detective handling the case, Dan Piechowiak. Detective Piechowiak told Plaintiff that he had no time to talk to him and that he had more important things to work on. Plaintiff asked Detective Piechowiak if he could give his side of the story and Detective Piechowiak advised him that he would contact him to get his side of the story when he had time. Plaintiff then contacted Mr. Boxill and explained what Detective Piechowiak had told him. Mr. Boxill advised Plaintiff that he would call Detective Piechowiak and call Plaintiff back. Mr. Boxill called Plaintiff back and advised him that charges would be filed against him [Plaintiff] and the student. Plaintiff then asked if he could file a report and was denied the opportunity to do so.

19.  On or about May 30, 2007, Plaintiff contacted Mr. Boxill and requested legal support and representation. Mr. Boxill advised Plaintiff that he would have to seek representation himself. On or about June 1, 2007, Plaintiff was contacted by Bryan Dausin, the Head Football and Athletic Director at Warren High School, who advised Plaintiff that it would be best for Plaintiff to resign. Plaintiff asked Mr. Dausin, "why?" and Mr. Dausin explained that some things might come out in this case that Plaintiff would not want because attorneys have gotten involved. Mr. Dausin further advised Plaintiff that things would get messy and that it would be best for his family if he would just consider resigning. Mr. Dausin called Plaintiff on June 3, 2007 and asked him to resign again. On or about June 8, 2007, Detective Piechowiak called Plaintiff in for his first statement. At that time, Plaintiff asked to see the video surveillance and Detective Piechowiak said it was inconclusive and that there was nothing to show him. Plaintiff then asked if his attorney could be present when he gave his first sworn statement. Detective Piechowiak said that would be okay, and advised Plaintiff to call him when he was

ready. Plaintiff contacted Detective Piechowiak on June 11, 2007, and June 13, 2007, to ask if he could come in and give his formal statement. Each time, Detective Piechowiak advised Plaintiff that he was too busy and he would call Plaintiff back when he could do it.

20. On or about June 14, 2007, Mr. Boxill contacted Plaintiff and asked him to come to his office for a quick update on the situation. On or about June 15, 2007, Plaintiff went to the NISD Administrative Office to meet with Mr. Boxill. Plaintiff was met in the waiting area by Jim Miller, Assistant Superintendent of Human Resources, who asked Plaintiff to follow him to his office. When Plaintiff stepped into Mr. Miller's office, Plaintiff noticed that Captain Bradley Mills was in the office. Cpt. Mills advised Plaintiff that his office reviewed all of the evidence and that they had decided to turn it over to the District Attorney's office. Plaintiff asked to see the video surveillance and Cpt. Mills advised Plaintiff that there was nothing to show him. Plaintiff advised Cpt. Mills and Mr. Miller that he was innocent and that he was never allowed to give a formal statement. Cpt. Mills then advised Plaintiff that his department was recommending that a felony charge be filed against him. Again, Plaintiff asked to see the video surveillance and Cpt. Mills advised him that the video showed nothing. Cpt. Mills then told Plaintiff that he could expect the police to come to his home, handcuff him, take him downtown to fingerprint him, and that he would need to post bail and wait for his court date. Cpt. Mills further advised Plaintiff that once this happens, he would need to resign or he would get fired.

21. On or about June 19, 2007, Plaintiff found out that another student witnessed the entire incident. Plaintiff sent an email to Cpt. Mills and sent a courtesy copy to Dr. Folks, Mr. Boxill, Mr. Brian Woods, Mr. Miller and Mr. Pascual Gonzalez, asking why particular witnesses that were listed in a sworn statement by the accuser had never been contacted or questioned

about that they had seen. Cpt. Mills responded to Plaintiff's email by stating that he did interview every person who was identified as being present during the incident. On June 21, 2007, Plaintiff hired an attorney to represent him.

22. On or about July 10, 2007, Plaintiff and his attorney met with Mr. Boxill, Mr. Miller, NISD's Attorney Paige Kyle and her assistant. The first thing that Mr. Miller said was "we want to make it clear that we are in no way a part of the NISD police department." Plaintiff asked if the female coaches had been reprimanded for purchasing the toys that led up to the alleged incident and for leaving the kids unsupervised during classroom time. Mr. Miller advised Plaintiff that the incident would be taken care of and that it would never happen again. At this time, Plaintiff was asked about the incident and he explained what happened. Plaintiff asked to see the video surveillance again and he was told that there was no video to view. At the end of the meeting, Plaintiff mentioned that NISD provided his father-in-law, Ronald Faught (Anglo), who was an NISD employee, with an attorney, paid all of his legal fees and gave him support for a similar type of accusation. No comment was made. On or about July 13, 2007, Ms. Kyle contacted Plaintiff's attorney stating that NISD wanted him to resign and that if Plaintiff didn't resign, they would be looking at terminating him. Plaintiff refused to resign. On or about July 19, 2007, Ms. Kyle contacted Plaintiff's attorney again asking Plaintiff to resign. Again, Plaintiff refused to resign. On or about early July 2007, Plaintiff was replaced by Richard Cundiff (Anglo). Plaintiff had been replaced before any charges had been filed against him. On or about July 25, 2007, Plaintiff was officially charged with a Class A Misdemeanor by the Bexar County District Attorney's office.

23. On or about August 29, 2007, Plaintiff found out that the accuser was allowed to give three different sworn statements, all with different versions of what happened. The accuser's final statement was typed up by Detective Piechowiak.

24. On or about March 13, 2008, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging race discrimination and retaliation. On or about March 24, 2008, Ms. Kyle contacted Plaintiff's attorney advising him that Plaintiff would have one more chance to resign and that if he didn't, he would be on the Board's agenda that following night and that his employment would be terminated. On or about March 25, 2008, Dr. Folks made the recommendation to terminate Plaintiff's employment contract. On or about March 26, 2008, Plaintiff received correspondence from Mr. Boxill advising him that his contract would be terminated at the end of the contract term at the recommendation of Dr. Folks.

25. On or about May 5, 2008, the media interviewed NISD spokesperson, Pascual Gonzalez, asking why Plaintiff was paid using tax payer's dollars that past year. Mr. Gonzalez advised the media that NISD could not do anything until formal charges were made against Plaintiff. According to Mr. Gonzalez, NISD had just found out that formal charges had been filed against Plaintiff on that date. Mr. Gonzalez then advised the media that NISD terminated Plaintiff's position after finding out about him being formally charged. Mr. Gonzalez would not release the name of another coach, Jess Golightly (Anglo), who was on leave pending an investigation into allegations similar to those made against Plaintiff. Warren High School Head Football Coach Bryan Dausin solicited letters of support from students for Mr. Golightly. This was not done for Plaintiff.

26.  Plaintiff was tried in criminal court on the charge of assault from August 6, 2008 to August 7, 2008. After 17 minutes of deliberations, the jury found Plaintiff not guilty of all charges.

## IV.
## STATUTORY VIOLATIONS

27.  The actions of the Defendants violated the Civil Rights Act of 1964, as amended, by creating a hostile work environment with the sole purpose of discriminating against a member of a protected class. Plaintiff further complains that the Defendants' actions violated the Civil Rights Act of 1964, as amended, and resulted in the disparate treatment of Plaintiff, a member of a protected class. Defendants' actions also constitute violations of the Civil Rights Act of 1871 and the Civil Rights Act of 1866, respectively codified as 42. U.S.C. §§1983, 1981 and 1985(3).

### A.   PERSONAL INJURY UNDER 42 U.S.C. §1983

28.  Plaintiff complains that during this investigation and administrative process, employees of the District, NISD police officers Dan Piechowiak and Bradley Mills and Warren High School Head Football and Athletic Director, Bryan Dausin, slandered him and caused irreparable harm to his professional reputation and reputation within the community which constitutes personal injury. Representatives of Defendant intentionally communicated false information about Plaintiff's alleged violations of District policy and intentionally failed to limit communication and publication of the false information.

29.  Plaintiff says that the District's accusations of assault against a minor and violations of District policies were slanderous per se statements, and that such statements were published in the local media, heard by other employees, other professionals within the education community located in San Antonio and surrounding areas, and heard by other people not

employed or associated with the education community before being properly investigated.

30. Plaintiff says that Defendants' statements were slanderous per se because they accused Plaintiff of criminal conduct and had the tendency to injure Plaintiff in his profession. Moreover, the District's statements were entirely false, were made with the knowledge that such statements were false or with reckless disregard of whether the statements were true. Defendant's statements and actions constituted actionable slander in that it charged Plaintiff with assaulting a minor. If any privilege existed for Defendant to communicate information about Plaintiff or the reasons for his initial administrative leave, such qualified or conditions privilege was lost because Defendant's communication and publication was made with actual malice or lack of good faith. The publication of such statements constituted a personal injury to the Plaintiff because they irreparably damaged Plaintiff's professional reputation within the education community and the community at large.

31. Prior to the time of the slanderous and libelous accusations and subsequent publication of the slanderous and libelous accusations, Plaintiff enjoyed a reputation of honesty, stability and trustworthiness in his occupation and in the community. Plaintiff will show that these statements injured his reputation and held him up to public criticism, contempt, and ridicule and were designed to cause intentional infliction of emotional distress and impeached his honesty, integrity, virtue and reputation and thereby exposed him to public ridicule and financial injury.

32. As a direct and proximate result of Defendant's intentionally slanderous accusations, which were slanderous per se, Plaintiff has suffered general damages for personal injury including shame and humiliation in the past and in the future, mental anguish in the past

and in the future, injury to his reputation in the past and in the future, and injury to his earning capacity in the past and in the future.

### B. EMPLOYMENT DISCRIMINATION UNDER TITLE VII

33. Plaintiff complains that the investigation, and subsequent treatment based on the investigation, including his termination for reasons of "good cause," were pretextual in nature, and designed to terminate him from his position because of his membership in a protected class, African-American (race). Plaintiff complains that a similarly situated Anglo employee of the District was not treated in the same manner. Plaintiff complains that an Anglo, male District employee was accused of assaulting a student and was not subjected to the same humiliation, embarrassment, or impugning of his professional reputation and termination as has Plaintiff.

34. These actions by the District are evidence that the Defendant participated in acts in violation of the Civil Rights Act of 1964 as amended. The actions of the Defendant were solely intended to result in the termination of the Plaintiff as a result of his race (African-American). The termination of Plaintiff by Defendant, constitutes disparate treatment based on Plaintiff's membership in a protected group.

35. As a result of the conduct of the Defendants, Plaintiff filed an official complaint with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights alleging statutory violations against the Defendants. The U.S. Department of Justice Civil Rights Division issued Plaintiff a Right to Sue letter on December 18, 2008 and Plaintiff received his Right to Sue Letter on December 22, 2008. Plaintiff has therefore exhausted all his administrative remedies and is properly before this Court in the filing of this lawsuit. All conditions precedent for filing this lawsuit have been satisfied.

## V.
## DAMAGES

36. Due to the violations of the aforementioned Acts, Plaintiff has suffered a loss of income in the past and a loss of income in the future. Plaintiff seeks damages in the form of front pay, back pay, as well as loss of any benefits which should have accrued to Plaintiff in the event of continued employment. Plaintiff suffered humiliation and mental anguish with a consequential loss of the enjoyment of life.

37. Because of the Defendants' intentional, malicious and knowing violations of the above Acts, Plaintiff seeks punitive damages as well under 42 U.S.C. §1983.

38. Plaintiff further seeks all attorney's fees and costs associated with this litigation as provided for by each Act stated above and under 42 U.S.C. §1988.

## VI.
## JURY DEMAND

38. Plaintiff, Kevin McCullar, asserts his rights under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983 and makes a demand for jury trial.

39. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendants for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, exemplary damages, and pre-judgment and post-judgment interest at the highest legal rate. Plaintiff further prays for any and all further relief to which he show himself to be justly entitled, either at law or in equity.

Respectfully Submitted,

DAVIS LAW FIRM
5710 IH 10 West
San Antonio, Texas 78201
Telephone: (210) 734-3599
Telecopier: (210) 785-0806

By: _____
    R. CHRIS PITTARD
    State Bar No. 00794465
    MARK ANTHONY ACUÑA
    State Bar No. 24064044
    ATTORNEYS FOR PLAINTIFF
    KEVIN MCCULLAR